# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTIGE FLAG MFG. CO., INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PAR AIDE PRODUCTS CO., a Minnesota corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 14-CV-2711-H (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[Doc. No. 16]** |

On November 14, 2014, Plaintiff Prestige Flag Manufacturing Co. ("Plaintiff") filed a complaint against Defendant Par Aide Products Co. ("Defendant") asserting claims for patent infringement, trade dress infringement, and unfair competition under state and federal law. (Doc. No. 1.) On December 24, 2014, Plaintiff filed a motion for preliminary injunction to enjoin Defendant from selling or advertising the products at issue. (Doc. No. 16.) On December 29, 2014, Plaintiff filed an ex parte application for a motion to shorten the time for the hearing and expedite briefing on Plaintiff's motion for preliminary injunction. (Doc. No. 17.) On December 30, 2014, the Court granted Plaintiff's motion to shorten time and expedite briefing. (Doc. No. 18.) On January 5, 2015, Defendant filed a motion for reconsideration of the Court's order

granting Plaintiff's motion to shorten time and expedite briefing. (Doc. No. 20.) On January 6, 2015, the Court granted in part and denied in part Defendant's motion for reconsideration. (Doc. No. 22.) On January 8, 2015, Defendant filed an opposition to Plaintiff's motion for preliminary injunction. (Doc. No. 25.) On January 9, 2015, Plaintiff filed a lodgment of additional authority and evidence supporting Plaintiff's motion for a preliminary injunction. (Doc. No. 28.) The Court permitted Plaintiff to file a reply by January 12, 2015 at 9:00 a.m. (Doc. No. 31.) Plaintiff agreed to withdraw its lodgment filed January 9, 2015. On January 9, 2015, the Court held a hearing on Plaintiff's motion for preliminary injunction. Attorneys Michael R. Murphy and Eric K. Gill appeared for Plaintiff. Attorneys John A. Cotter and Philip Alcide Morin appeared for Defendant. After considering the briefs, the record, and the arguments of counsel, the Court denies Plaintiff's motion for a preliminary injunction.

## Background

Plaintiff is a company that designs and manufactures flags, banners, golf course flags, flagsticks, and golf course accessories, including a line of reflection rangefinder products. (Doc. No. 1 ¶ 8.) On October 23, 2013, Plaintiff acquired a golf flagstick and reflector business from Laser Link Golf. (Id. at ¶ 9.) In its purchase of Laser Link, Plaintiff acquired the design patents associated with several flagstick reflectors sold under the names SmartStick and Smarty 5. (Id. at ¶¶ 10-11.) The design patents at issue are Design Patent Numbers D564,405 ("the 'D405 patent"), D546,243 ("the 'D243 patent"), and D536,637 ("the 'D637 patent"). The SmartStick is a golf flagstick that contains reflective prism inserts embedded in the body of the flagstick. (Id.) The Smarty 5 reflector screws into the top of a flagstick and contains five prisms that reflect laser light. (Id.) The SmartStick and Smarty 5 Reflector enable a golfer to accurately determine the distance between the golfer and the flagstick by using a rangefinder, a device that sends laser light toward the flagstick and receives laser light reflected back from reflectors in the flagstick. (Id. at ¶ 10.) Plaintiff also acquired from Laser Link the rights and goodwill in the trade names SmartStick and Smarty and the trade dress

embodied in the Smartstick and Smarty.  (Id. at ¶ 11.)

Defendant manufacturers and sells golf course equipment. (Id. at ¶ 13.)  From approximately 2010 through August 2013, Defendant produced and sold, under license from Laser Link, SmartStick and Smarty reflectors.  (Id. at ¶ 13; Doc. No. 7 (Answer) ¶ 13.)  In 2014, Defendant began to manufacture and sell its own flagstick reflector products, Prism flagsticks and PinSite reflectors.  (Doc. No. 1 ¶ 14.)

On November 14, 2014, Plaintiff filed a complaint against Defendant asserting claims for infringement of Design Patent Numbers D564,405 ("the 'D405 patent"), D546,243 ("the 'D243 patent"), and D536,637 ("the 'D637 patent"); unfair competition in violation of the Lanham Act; unfair competition under California common law; and violation of California Unfair Competition Law. (Doc. No. 1.) On December 11, 2014, Defendant filed an answer to Plaintiff's complaint and asserted counterclaims for invalidity, unenforceability, and noninfringement of each design patent. (Doc. No. 7.)

On December 24, 2014, Plaintiff filed a motion for preliminary injunction to enjoin Defendant from selling or advertising the products at issue. (Doc. No. 16.) On December 29, 2014, Plaintiff filed a motion to shorten time and expedite briefing so the motion for preliminary injunction could be heard before an upcoming golf-industry trade show that begins on January 20, 2015.  (Doc. No. 17.)

## Discussion

### I.   Legal Standards

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A preliminary injunction is "an extraordinary remedy" that may only be awarded upon a clear showing that the movant is entitled to such relief. Id. at 22; Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375 (Fed. Cir. 2009).  "In assessing whether the patentee is entitled to the injunction, the court views the matter

in light of the burdens and presumptions that will inhere at trial." Id.

A patentee seeking a preliminary injunction must show that it will likely prove infringement of one or more claims of the patents-in-suit, and that it will likely withstand challenges to the validity of the patent. Titan Tire, 566 F.3d at 1376. While patents are presumed valid, 35 U.S.C. § 282, a patent is invalid if prior art anticipates the patent's claims. 35 U.S.C. § 102. "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Verdegaal Bros., Inc. v. Union Oil Co. of California, 814 F.2d 628, 631 (Fed. Cir. 1987). Anticipation is an issue of fact. Koito Manufacturing Co., Ltd. v. Turn-Key-Tech., LLC, 381 F.3d 1142, 1149 (Fed. Cir. 2004). A claim may also be invalid if it is obvious. KSR International Co. v. Teleflex Inc., 550 U.S. 398, 407 (2007). A party seeking a preliminary injunction has the burden to show that it is likely to prevail on the issue of validity, although the alleged infringer has the burden to prove invalidity by clear and convincing evidence at trial. Titan Tire, 566 F.3d at 1377. "Thus, when analyzing the likelihood of success factor, the trial court, after considering all the evidence available at this early stage of the litigation, must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid." Id. at 1379. If the alleged infringer raises a substantial question as to the patent's validity, the patentee has not shown a likelihood of success on the merits. Id.

Design patent infringement analysis, like utility patent analysis, is a two step process. Elmer v. ICC Fabricating, Inc., 67 F.3d 1571 (Fed. Cir. 1995). First, the claim must be properly construed to determine its meaning and scope. (Id.) Second, the claim is compared to the accused design to determine whether there has been infringement. (Id.) In analyzing this second step, the court is to consider "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one

patented is infringed by the other." Egyptian Goddess, Inc. v. SWISA, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008) (citing Gorham Co. v. White, 81 U.S. (14 Wall.) 511, 528 (1871)); Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1295 (Fed Cir. 2010). The two designs do not need to be the same to the eye of an expert and mere differences or slight variances will not destroy substantial identity. Egyptian Goddess, 543 F.3d at 670.

Design patents are typically "claimed as shown in drawings and claim construction is adapted accordingly." Egyptian Goddess, 543 F.3d at 679 (internal quotations omitted); see also Crocs, Inc. v. International Trade Commission, 598 F.3d 1294, 1302-03 (Fed. Cir. 2010) ("Design patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting."). The Federal Circuit has recognized the inherent difficulties in trying to describe a design in words and stated that "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." Egyptian Goddess, 543 F.3d at 679.

"In determining whether a design is primarily functional or primarily ornamental the claimed design is viewed in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article, in determining whether the claimed design is dictated by the utilitarian purpose of the article." L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993). Furthermore, "[w]hen there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." Id. Even when the elements of the design may indeed serve a utilitarian purpose, the ornamental aspect of the design may still be the basis of the design patent. Id.

To obtain a preliminary injunction based on trade dress infringement, Plaintiff must show (1) a reasonable likelihood of success on the merits, (2) irreparable injury if an in injunction is not granted, and (3) the balance of hardships tip in its favor.

International Jensen, Inc. v. Metrosound U.S.A, Inc., 4 F.3d 819, 822-25 (9th Cir. 1993). In order show a likelihood of success on the merits, Plaintiff must show that "its trade dress is (1) nonfunctional, (2) has acquired a secondary meaning, and (3) is likely to be confused." Ocean Garden, Inc. v. Marktrade Co., 953 F.3d 500, 508 (9th Cir. 1991).

A feature is functional if the "exclusive use of [the feature] would put competitors at a significant non-reputation-related disadvantage" or if "it is essential to the use or purpose of the device or when it affects the cost or quality of the device." TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23, 33 (2001); see also International Jensen, 4 F.3d at 823 ("Factors to be considered include: (1) whether a particular design yields a utilitarian advantage; (2) whether alternative designs are available in order to avoid hindering competition; and (3) whether the design achieves economies in manufacture or use."). The inquiry is not whether the individual elements are functional but whether the whole collection of elements taken together are functional. International Jensen, 4 F.3d at 823.

A product has developed secondary meaning when, "in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 U.S. 205, 210 (2000). Secondary meaning can be established in several ways, including "direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc., 198 F.3d 1143, 1151 (9th Cir.1999).

To determine likelihood of confusion, the Ninth Circuit has articulated an eight factor test. See AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) (abrogated on other grounds in Mattel, Inc. v. Walking Mountain Products., 353 F.3d 792 (2003)). Courts must consider the following factors: (1) strength of plaintiff's

mark; (2) the similarity of the marks; (3) the relatedness of the parties' goods or services; (4) the marketing channel used; (5) the degree of care likely to be exercised by purchasers; (6) defendant's intent in selecting its mark; (7) evidence of actual confusion; (8) the likelihood of expansion into other markets. See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir. 2000) (citing Sleekcraft, 599 F.2d at 348-49). "Some Sleekcraft factors are much more important than others, and the relative importance of each individual factor will be case specific." M2 Software, Inc. v. Madacy Entertainment, 421 F.3d 1073, 1080 (9th Cir. 2005) (citing Brookfield v. West Coast Entertainment Corp., 174 F.3d 1036, 1054 (9th Cir. 1999)). The determination of which factors are most important turns on whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks. See id. (citing Dreamwerks Production Group, Inc. v. SKG Studio, 142 F.3d 1127, 1129 (9th Cir. 1998)); see also Eclipse Associates Ltd. v. Data General Corp., 894 F.2d 1114, 1118 (9th Cir. 1990) ("The district court's primary task, in determining infringement of registered trademarks, is to make the factual determination whether the public is likely to be deceived or confused by the similarity of the marks as to source, relationship or sponsorship.").

A party seeking injunctive relief must show irreparable harm and inadequacy of legal remedies. Sampson v. Murray, 415 U.S. 61, 88 (1974). Thus, a patentee "must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." Apple, Inc. v. Samsung Electronics Co., 678 F.3d 1314, 1325 (Fed. Cir. 2012). There is no presumption of irreparable harm in patent infringement cases. Robert Bosch LLC v. Pylon Manufacturing Corp., 659 F.3d 1142, 1148 (Fed. Cir. 2011); Apple Inc. v. Samsung Electronics Co., 735 F.3d 1352, 1375 (Fed. Cir. 2013). Irreparable injury exists where there is loss of market share, price erosion, and loss of goodwill or reputation. See, e.g., Polymer Techs., Inc. v. Bridwell, 103 F.3d 970, 976 (Fed. Cir. 1996) (loss of market share and price erosion constitute irreparable harm); Abbott Labs. v. Andrx Pharms.,

Inc., 452 F.3d 1331, 1362 (Fed. Cir. 2006) (loss of goodwill or reputational harm constitutes irreparable harm).

There is a "strong public policy favoring the enforcement of patent rights." Ppg Indus. v. Guardian Industries Corp., 75 F.3d 1558, 1567 (Fed. Cir. 1996). But this interest is counterbalanced by the right to compete in a free, competitive market. See Illinois Tool Works, Inc. V. Grip-Pak, Inc., 906 F.2d 679, 684 (Fed. Cir. 1990.) Ultimately, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and . . . such discretion must be exercised with traditional principles of equity, in patent disputes no less than in other cases." eBay Inc. v. MerkExchange, L.L.C., 547 U.S. 388, 394 (2006).

**II. Analysis**

After evaluating the parties' arguments and the standards for granting a preliminary injunction, the Court concludes that Plaintiff has not made an adequate showing to warrant a preliminary injunction. Defendant's opposition raises legitimate issues of noninfringement and invalidity on the patent design claims and lack of irreparable harm. (Doc. No. 25.) For example, Defendant raises the '271 prior art that was not cited to the examiner and the '515 prior art. (Id. at 9, 17-19.)

Defendant contends Plaintiff has not established that it will succeed on its infringement claims because a comparison of Defendant's Exhibits A and B to the drawings in the patents at issue shows that the five-sided shape and arrangement of prisms on Defendant's products create a distinctive overall appearance such that no reasonable ordinary observer would be deceived into believing Defendant's products are the same as shown in the patents at issue. (See Doc. No. 25 at 21-23); See Egyptian Goddess, 543 F.3d at 678, 681; Richardson, 597 F.3d at1295 ("In Egyptian Goddess, we held that 'the ordinary observer test should be the sole test for determining whether a design patent has been infringed.' 543 F.3d at 678. The patentee must establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.").

Additionally, Defendant claims that the '412 utility patent shows that there are issues of functionality that, if proved, defeat Plaintiff's success on the merits. See Patent No. 7,215,412; High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1315 (Fed. Cir. 2013) ("[A] design patent can be declared invalid if the claimed design is primarily functional rather than primarily ornamental, i.e., if the claimed design is dictated by the utilitarian purpose of the article."); see also, TrafFix Devices v. Marketing Displays, 532 U.S. 23, 29 (2001) ("A utility patent is strong evidence that the features therein claimed are functional."). In response Plaintiff contends the Court should not ignore the functional elements and compare only the ornamental aspects of the designs. See High Point Design LLC, 730 F.3d at 1315 ("When performing [the infringement] assessment, a court should view the claimed design 'in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article.'") (quoting L.A. Gear, 988 F.2d at 1123).

Here, comparing the figures in the design patents with Defendant's Exhibits A and B, the Court concludes that Plaintiff has not shown that it is likely to succeed on the merits of its infringement claims. See Titan Tire, 566 F.3d at 1375.

Moreover, Defendant disputes Plaintiff's trade dress claims. Specifically, Defendant claims that the trade dress is functional, that Plaintiff's alleged trade dress is not a source identifier and has not acquired secondary meaning, and that Defendant's products are not likely to confuse consumers as to the source. (Doc. No. 25 at 18-20.) Further, Defendant challenges Plaintiff's unfair competition claims that, in part, depend on Plaintiff's other intellectual property claims. (Id. at 21.)

Significantly, the Court has not issued a claim construction order, and the Court has not set a case management conference.[1] In this early stage of the litigation, the Plaintiff has not shown a likelihood of success on the merits on its claims.

---

[1] The parties are scheduled to appear before the magistrate judge for an Early Neutral Evaluation on January 26, 2015. (Doc. No. 11.) The district court will hold a telephonic case management conference at a later time.

Accordingly, the Court denies Plaintiff's motion for a preliminary injunction based upon the current record.

## Conclusion

The Court denies Plaintiff's motion for preliminary injunction.

**IT IS SO ORDERED.**

DATED: January 12, 2015

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT